# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

PATRICIA JACKSON

        Plaintiff,

v.

                          Civil Action No. 3:21-cv-389-HEH

JACK MORTON WORLDWIDE INC.

and

INTERPUBLIC INC.

and

GLOBAL SPECTRUM, L.P. d/b/a SPECTRA
VENUE MANAGEMENT

and

CREATIVE EVENT PRODUCTIONS, INC.
D/B/A STAGE RIGHT LIGHTING,

and

TESTA LIGHTING DESIGN, INC.

and

WAVELENGTHS PRO AUDIO, LLC

and

ENCORE GLOBAL, F/K/A PSAV

and

ATRIUM STAFFING, LLC

                Defendants.

## AMENDED COMPLAINT

1.      This Complaint seeks damages against Defendants, jointly and severally, arising from serious and permanent injuries suffered by Patricia Jackson when she tripped and fell on or about October 15, 2019, on an unsafe condition at the Greater Richmond Convention Center, located at 403 North 3rd Street, in the City of Richmond, Virginia during the "Women's Achieve Summit".

### PARTIES

2.      Plaintiff hereby repeats, realleges, and incorporates by reference the preceding paragraphs as if they were set forth fully herein.

3.      Plaintiff is a citizen of the Commonwealth of Virginia and a resident of Hanover County.

4.      Defendant JACK MORTON WORLDWIDE INC., ("Jack Morton"), is a corporation organized under the laws of the State of Delaware doing business in the City of Richmond, Virginia.

5.      Defendant INTERPUBLIC INC. ("IPG"), is a corporation with a principal office address in New York, New York, doing business in the City of Richmond, Virginia.

6.      Defendant GLOBAL SPECTRUM, L.P. d/b/a SPECTRA VENUE MANAGEMENT, ("Spectra") is a Limited Partnership with a principal office address in Philadelphia, Pennsylvania, doing business in the City of Richmond, Virginia.

7.      Jack Morton is a company in the business of planning and producing large-scale conferences, conventions and exhibits for a variety of corporations, organizations, and trade associations.

8.      IPG is the holding company for Jack Morton.

9. At all times relevant hereto, Jack Morton was an agent, servant and/or employee of IPG and was acting within the course and scope of its agency and/or employment with it.

10. Spectra is in the business of managing and operating the Greater Richmond Convention Center, located at 403 North 3rd Street, Richmond, Virginia 23219.

11. On or about October 15, 2019, defendant Spectra operated, maintained, controlled, and/or managed the premises of the Greater Richmond Convention Center by its agents, servants and/or employees acting at all times material hereto within the course and scope of their agency and/or employment.

12. Upon information and belief, the agents, servants and/or employees of Spectra were citizens and residents of the Commonwealth of Virginia.

13. At all times material hereto, Defendant IPG was contracted to produce, manage, control, organize and present all aspects of an event known as the "Women's Achieve Summit" to be held at the Greater Richmond Convention Center in the City of Richmond, Virginia on October 14 and 15, 2019 (hereinafter "the Premises").

14. At all times material hereto, Defendant Jack Morton was contracted to produce, manage, control, organize and present all aspects of an event known as the "Women's Achieve Summit" to be held at the Premises in the City of Richmond, Virginia on October 14 and 15, 2019.

15. At all times material hereto, defendant Jack Morton operated, controlled, and/or managed the "Women's Achieve Summit" by its subcontractors, agents, servants and/or employees acting at all times material hereto within the course and scope of their agency and/or employment.

16. At all times material hereto, defendant IPG operated, controlled, and/or managed the "Women's Achieve Summit" by its subcontractors, agents, servants and/or employees acting at all times material hereto within the course and scope of their agency and/or employment.

17. Defendant CREATIVE EVENT PRODUCTIONS, INC. D/B/A STAGE RIGHT LIGHTING was a subcontractor, agent, servant and/or employee of Jack Morton and was acting within the course and scope of its subcontract, agency and/or employment with it.

18. Upon information and belief, CREATIVE EVENT PRODUCTIONS, INC. D/B/A STAGE RIGHT LIGHTING is an entity that is incorporated and has its principal place of business in the Commonwealth of Virginia.

19. Defendant TESTA LIGHTING DESIGN, INC. was a subcontractor, agent, servant and/or employee of Jack Morton and was acting within the course and scope of its subcontract, agency and/or employment with it.

20. Upon information and belief, TESTA LIGHTING DESIGN, INC. is an entity that is incorporated and has its principal place of business in the Commonwealth of Massachusetts.

21. Defendant WAVELENGTHS PRO AUDIO, LLC was a subcontractor, agent, servant and/or employee of Jack Morton and was acting within the course and scope of its subcontract, agency and/or employment with it.

22. Upon information and belief, WAVELENGTHS PRO AUDIO, LLC is an entity that is incorporated and has its principal place of business in the Commonwealth of Massachusetts.

23. Defendant ENCORE GLOBAL, F/K/A PSAV was a subcontractor, agent, servant and/or employee of Jack Morton and was acting within the course and scope of its subcontract, agency and/or employment with it.

24. Upon information and belief, ENCORE GLOBAL, F/K/A PSAV is an entity that is incorporated and has its principal place of business in the State of Illinois.

25.     Defendant ATRIUM STAFFING, LLC was a subcontractor, agent, servant and/or employee of Jack Morton and was acting within the course and scope of its subcontract, agency and/or employment with it.

26.     Upon information and belief, ATRIUM STAFFING, LLC is an entity that is incorporated and has its principal place of business in the Commonwealth of Virginia.

## VENUE

1.     Plaintiff hereby repeats, realleges, and incorporates by reference the preceding paragraphs as if they were set forth fully herein.

2.     Plaintiff's cause of action arose in the City of Richmond, Virginia, and therefore venue is proper in this court.

## FACTS

3.     Plaintiff hereby repeats, realleges, and incorporates by reference the preceding paragraphs as if they were set forth fully herein.

4.     On or about October 15, 2019, Plaintiff was lawfully on the Premises, as an invitee, having paid valuable consideration of a $25.00 event registration fee to attend the "Women's Achieve Summit" program.

5.     On that date, Plaintiff was attending a presentation in the main ballroom of the Premises.

6.     During the presentation, the lights had been dimmed in the main ballroom the in such a way that the lighting was not adequate to provide reasonable or appropriate visibility to persons exiting or entering the ballroom, and the lighting conditions in the main ballroom did not meet minimum industry standards for lighting during the presentation in question, causing a serious safety hazard for persons entering or exiting the ballroom, (hereinafter the "Lighting Hazard").

7.     At that time and place, Plaintiff left her seat in the middle section of the ballroom and

walked to the back of the ballroom towards the door that exited into the lobby.

8.      Unbeknownst to Plaintiff, an elevated plastic strip had been placed on the floor to cover audiovisual equipment wiring or cords in close proximity to the exit door, (hereinafter the "Safety Hazard").

9.      As Plaintiff walked to exit the dimly lit ballroom, she stumbled over the elevated plastic strip and was caused to fall, sustaining serious and permanent injuries.

10.     Plaintiff was not contributorily negligent in causing the subject fall.

11.     There was no warning sign of any kind placed on or near the ballroom exit to alert persons, including the plaintiff, of the dangerous and unsafe condition caused by the elevated object on the floor.

12.     There was inadequate lighting near the ballroom exit that prevented persons, including the plaintiff, from observing vertical charges and tripping hazards along an expected path of travel.

## COUNT I-NEGLIGENCE
## CREATIVE EVENT PRODUCTIONS, INC. D/B/A STAGE RIGHT LIGHTING

13.     Plaintiff hereby repeats, realleges, and incorporates by reference the preceding paragraphs as if they were set forth fully herein.

14.     At all times material hereto, Defendant Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its agents, servants and/or employees, was present on the Premises performing audiovisual production services, including evaluating, designing, organizing, and maintaining all wiring for said audiovisual production services for all aspects of the "Women's Achieve Summit" program, pursuant to a contract for these services.

15.     At all times material hereto, Defendant Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its agents, servants and/or employees, was present on the Premises performing lighting design and production services, including evaluating, designing, and

providing all lighting for all aspects of the "Women's Achieve Summit" program, pursuant to a contract for these services.

16.     At that time and place, Defendant Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its agents, servants and/or employees, caused and/or otherwise created the Safety Hazard by leaving an elevated plastic strip covering audiovisual equipment wiring in close proximity to the exit door of the Premises.

17.     At that time and place, Defendant Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its agents, servants and/or employees, caused and/or otherwise created the Lighting Hazard by dimming the lights in the main ballroom to such a degree that the conditions violated industry standards for lighting, and by providing inadequate, inappropriate and/or unreasonable lighting and visibility to persons exiting or entering the ballroom in such a way that such persons could not reasonably observe vertical charges and tripping hazards along an expected path of travel.

18.     The Safety Hazard was created by, known by or, in the exercise of reasonable care should have been known Creative Event Productions, Inc. d/b/a Stage Right Lighting, and its employees, servants, and/or agents.

19.     The Lighting Hazard was created by, known by or, in the exercise of reasonable care should have been known by Creative Event Productions, Inc. d/b/a Stage Right Lighting, and its employees, servants, and/or agents.

20.     At that time and place, and at all times material hereto, Defendant Creative Event Productions, Inc. d/b/a Stage Right Lighting and its employees, servants, and/or agents had actual or constructive notice of, knew, should have known, or had reason to know that the Safety Hazard

was not safe, that it was dangerous, defective, and constituted a hazard, and that it was in need of attention.

21.     At that time and place, and at all times material hereto, Defendant Creative Event Productions, Inc. d/b/a Stage Right Lighting and its employees, servants, and/or agents had actual or constructive notice of, knew, should have known, or had reason to know that the Lighting Hazard was not safe, that it was dangerous, defective, and constituted a hazard, and that it was in need of attention.

22.     At that time and place the Safety Hazard had existed for sufficient time that had Creative Event Productions, Inc. d/b/a Stage Right Lighting used ordinary care to inspect the Premises for unsafe conditions it should have known of its existence well in advance of Plaintiff's fall on the Safety Hazard with more than enough time to correct the Safety Hazard or provide warning.

23.     At that time and place the Lighting Hazard had existed for sufficient time that had Creative Event Productions, Inc. d/b/a Stage Right Lighting used ordinary care to inspect the Premises for unsafe conditions it should have known of its existence well in advance of Plaintiff's fall due to the Lighting Hazard with more than enough time to correct the Lighting Hazard or provide warning.

24.     At that time and place, Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, knew or should have known of the presence of the Safety Hazard.

25.     At that time and place, Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, knew or should have known of the presence of the Lighting Hazard.

26.     At that time and place, Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, knew or should have known that the Safety Hazard required attention to return the entry and exit pathways to a condition of reasonable safety.

27.     At that time and place, Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, knew or should have known that the Lighting Hazard required attention to return the entry and exit pathways to a condition of reasonable safety.

28.     At that time and place, Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, knew or should have known that it needed to warn persons using the Premises of the presence of the Safety Hazard.

29.     At that time and place, Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, knew or should have known that it needed to warn persons using the Premises of the presence of the Lighting Hazard.

30.     At all times relevant to this action, Creative Event Productions, Inc. d/b/a Stage Right Lighting, had a duty to use ordinary care to maintain the Premises in a reasonably safe condition.

31.     At all times relevant to this action, Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, had a duty to use ordinary care to inspect the Premises for conditions that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

32.     At all times relevant to this action, Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, had a duty not to cause hazardous conditions on the Premises that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

33.     At all times relevant to this action, Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, had a duty to perform audiovisual production services pursuant its subcontract in a reasonably safe manner that did not create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

34.     At all times relevant to this action, Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, had a duty to perform lighting design and production services pursuant its subcontract in a reasonably safe manner that did not create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

35.     At all times relevant to this action, Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, had a duty to maintain, repair, and correct any hazardous and unsafe conditions on the Premises, including on the entry and exit pathways, so that persons using the Premises, including Plaintiff, could do so with reasonable safety.

36.     At all times relevant to this action, Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, had a duty to use ordinary care to warn of hazardous and unsafe conditions on the Premises, including all manner of egress and ingress upon the Premises, so that persons using the Premises, including Plaintiff, could do so with reasonably safety.

37.     Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, did not use ordinary care to maintain the Premises in a reasonably safe condition.

38.     Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, did not reasonably inspect the Premises for conditions that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

39.     Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, did not maintain, repair, and correct the Safety Hazard within a reasonable amount of time after the Safety Hazard developed on the Premises and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

40.     Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, did not maintain, repair, and correct the Lighting Hazard within a reasonable amount of time after the Lighting Hazard developed on the Premises and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

41.     Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, did not maintain, repair, and correct the Safety Hazard within a reasonable amount of time after causing and or creating the Safety Hazard, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

42.     Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, did not maintain, repair, and correct the Lighting Hazard within a reasonable amount of time after causing and or creating the Lighting Hazard, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

43.     Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, did not warn persons using the Premises, including Plaintiff, of the presence of the Safety Hazard and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

44.     Creative Event Productions, Inc. d/b/a Stage Right Lighting, by and through its employees, did not warn persons using the Premises, including Plaintiff, of the presence of the

Lighting Hazard and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

45.     As a direct and proximate result of Creative Event Productions, Inc. d/b/a Stage Right Lighting's above described carelessness, negligence, and recklessness, Plaintiff was caused to fall and suffer serious and permanent injuries; has suffered and will suffer in the future great pain of body and mind; has incurred and will incur in the future medical expenses; has suffered and will suffer in the future loss of income as well as a loss of earning capacity; has suffered and will suffer in the future terrible inconvenience and physical limitations; and has suffered and will suffer in the future other damages as allowed by law; and has had her ability to engage in her usual activities and to enjoy life adversely affected on account of the incident and the resulting injuries.

## COUNT II-NEGLIGENCE- TESTA LIGHTING DESIGN, INC.

46.     Plaintiff hereby repeats, realleges, and incorporates by reference the preceding paragraphs as if they were set forth fully herein.

47.     At all times material hereto, Defendant Testa Lighting Design, Inc., by and through its agents, servants and/or employees, was present on the Premises performing audiovisual production services, including evaluating, designing, organizing, and maintaining all wiring for said audiovisual production services for all aspects of the "Women's Achieve Summit" program, pursuant to a contract for these services.

48.     At all times material hereto, Defendant Testa Lighting Design, Inc., by and through its agents, servants and/or employees, was present on the Premises performing lighting design and production services, including evaluating, designing, and providing all lighting for all aspects of the "Women's Achieve Summit" program, pursuant to a contract for these services.

49.     At that time and place, Defendant Testa Lighting Design, Inc., by and through its agents, servants and/or employees, caused and/or otherwise created the Safety Hazard by leaving an elevated plastic strip covering audiovisual equipment wiring in close proximity to the exit door of the Premises.

50.     At that time and place, Defendant Testa Lighting Design, Inc., by and through its agents, servants and/or employees, caused and/or otherwise created the Lighting Hazard by dimming the lights in the main ballroom to such a degree that the conditions violated industry standards for lighting, and by providing inadequate, inappropriate and/or unreasonable lighting and visibility to persons exiting or entering the ballroom in such a way that such persons could not reasonably observe vertical charges and tripping hazards along an expected path of travel.

51.     The Safety Hazard was created by, known by or, in the exercise of reasonable care should have been known by Testa Lighting Design, Inc., and its employees, servants, and/or agents.

52.     The Lighting Hazard was created by, known by or, in the exercise of reasonable care should have been known by Testa Lighting Design, Inc., and its employees, servants, and/or agents.

53.     At that time and place, and at all times material hereto, Defendant Testa Lighting Design, Inc. and its employees, servants, and/or agents had actual or constructive notice of, knew, should have known, or had reason to know that the Safety Hazard was not safe, that it was dangerous, defective, and constituted a hazard, and that it was in need of attention.

54.     At that time and place, and at all times material hereto, Defendant Testa Lighting Design, Inc. and its employees, servants, and/or agents had actual or constructive notice of, knew, should have known, or had reason to know that the Lighting Hazard was not safe, that it was dangerous, defective, and constituted a hazard, and that it was in need of attention.

55.     At that time and place the Safety Hazard had existed for sufficient time that had Testa Lighting Design, Inc.  used ordinary care to inspect the Premises for unsafe conditions it should have known of its existence well in advance of Plaintiff's fall on the Safety Hazard with more than enough time to correct the Safety Hazard or provide warning.

56.     At that time and place the Lighting Hazard had existed for sufficient time that had Testa Lighting Design, Inc. used ordinary care to inspect the Premises for unsafe conditions it should have known of its existence well in advance of Plaintiff's fall due to the Lighting Hazard with more than enough time to correct the Lighting Hazard or provide warning.

57.     At that time and place, Testa Lighting Design, Inc., by and through its employees, knew or should have known of the presence of the Safety Hazard.

58.     At that time and place, Testa Lighting Design, Inc., by and through its employees, knew or should have known of the presence of the Lighting Hazard.

59.     At that time and place, Testa Lighting Design, Inc., by and through its employees, knew or should have known that the Safety Hazard required attention to return the entry and exit pathways to a condition of reasonable safety.

60.     At that time and place, Testa Lighting Design, Inc., by and through its employees, knew or should have known that the Lighting Hazard required attention to return the entry and exit pathways to a condition of reasonable safety.

61.     At that time and place, Testa Lighting Design, Inc., by and through its employees, knew or should have known that it needed to warn persons using the Premises of the presence of the Safety Hazard.

62.     At that time and place, Testa Lighting Design, Inc., by and through its employees, knew or should have known that it needed to warn persons using the Premises of the presence of the Lighting Hazard.

63.     At all times relevant to this action, Testa Lighting Design, Inc., had a duty to use ordinary care to maintain the Premises in a reasonably safe condition.

64.     At all times relevant to this action, Testa Lighting Design, Inc., by and through its employees, had a duty to use ordinary care to inspect the Premises for conditions that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

65.     At all times relevant to this action, Testa Lighting Design, Inc., by and through its employees, had a duty not to cause hazardous conditions on the Premises that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

66.     At all times relevant to this action, Testa Lighting Design, Inc., by and through its employees, had a duty to perform audiovisual production services pursuant its subcontract in a reasonably safe manner that did not create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

67.     At all times relevant to this action, Testa Lighting Design, Inc., by and through its employees, had a duty to perform lighting design and production services pursuant its subcontract in a reasonably safe manner that did not create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

68.     At all times relevant to this action, Testa Lighting Design, Inc., by and through its employees, had a duty to maintain, repair, and correct any hazardous and unsafe conditions on the Premises, including on the entry and exit pathways, so that persons using the Premises, including Plaintiff, could do so with reasonable safety.

69.     At all times relevant to this action, Testa Lighting Design, Inc., by and through its employees, had a duty to use ordinary care to warn of hazardous and unsafe conditions on the Premises, including all manner of egress and ingress upon the Premises, so that persons using the Premises, including Plaintiff, could do so with reasonably safety.

70.     Testa Lighting Design, Inc., by and through its employees, did not use ordinary care to maintain the Premises in a reasonably safe condition.

71.     Testa Lighting Design, Inc., by and through its employees, did not reasonably inspect the Premises for conditions that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

72.     Testa Lighting Design, Inc., by and through its employees, did not maintain, repair, and correct the Safety Hazard within a reasonable amount of time after the Safety Hazard developed on the Premises and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

73.     Testa Lighting Design, Inc., by and through its employees, did not maintain, repair, and correct the Lighting Hazard within a reasonable amount of time after the Lighting Hazard developed on the Premises and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

74.     Testa Lighting Design, Inc., by and through its employees, did not maintain, repair, and correct the Safety Hazard within a reasonable amount of time after causing and or creating the Safety Hazard, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

75. Testa Lighting Design, Inc., by and through its employees, did not maintain, repair, and correct the Lighting Hazard within a reasonable amount of time after causing and or creating the Lighting Hazard, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

76. Testa Lighting Design, Inc., by and through its employees, did not warn persons using the Premises, including Plaintiff, of the presence of the Safety Hazard and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

77. Testa Lighting Design, Inc., by and through its employees, did not warn persons using the Premises, including Plaintiff, of the presence of the Lighting Hazard and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

78. As a direct and proximate result of Testa Lighting Design, Inc.'s above described carelessness, negligence, and recklessness, Plaintiff was caused to fall and suffer serious and permanent injuries; has suffered and will suffer in the future great pain of body and mind; has incurred and will incur in the future medical expenses; has suffered and will suffer in the future loss of income as well as a loss of earning capacity; has suffered and will suffer in the future terrible inconvenience and physical limitations; and has suffered and will suffer in the future other damages as allowed by law; and has had her ability to engage in her usual activities and to enjoy life adversely affected on account of the incident and the resulting injuries.

## COUNT III-NEGLIGENCE- WAVELENGTHS PRO AUDIO, LLC

79. Plaintiff hereby repeats, realleges, and incorporates by reference the preceding paragraphs as if they were set forth fully herein.

80. At all times material hereto, Defendant Wavelengths Pro Audio, LLC by and through its agents, servants and/or employees, was present on the Premises performing audiovisual

production services, including evaluating, designing, organizing, and maintaining all wiring for said audiovisual production services for all aspects of the "Women's Achieve Summit" program, pursuant to a contract for these services.

81.     At all times material hereto, Defendant Wavelengths Pro Audio, LLC, by and through its agents, servants and/or employees, was present on the Premises performing lighting design and production services, including evaluating, designing, and providing all lighting for all aspects of the "Women's Achieve Summit" program, pursuant to a contract for these services.

82.     At that time and place, Defendant Wavelengths Pro Audio, LLC, by and through its agents, servants and/or employees, caused and/or otherwise created the Safety Hazard by leaving an elevated plastic strip covering audiovisual equipment wiring in close proximity to the exit door of the Premises.

83.     At that time and place, Defendant Wavelengths Pro Audio, LLC, by and through its agents, servants and/or employees, caused and/or otherwise created the Lighting Hazard by dimming the lights in the main ballroom to such a degree that the conditions violated industry standards for lighting, and by providing inadequate, inappropriate and/or unreasonable lighting and visibility to persons exiting or entering the ballroom in such a way that such persons could not reasonably observe vertical charges and tripping hazards along an expected path of travel.

84.     The Safety Hazard was created by, known by or, in the exercise of reasonable care should have been known by Wavelengths Pro Audio, LLC, and its employees, servants, and/or agents.

85.     The Lighting Hazard was created by, known by or, in the exercise of reasonable care should have been known by Wavelengths Pro Audio, LLC, and its employees, servants, and/or agents.

86. At that time and place, and at all times material hereto, Defendant Wavelengths Pro Audio, LLC and its employees, servants, and/or agents had actual or constructive notice of, knew, should have known, or had reason to know that the Safety Hazard was not safe, that it was dangerous, defective, and constituted a hazard, and that it was in need of attention.

87. At that time and place, and at all times material hereto, Defendant Wavelengths Pro Audio, LLC and its employees, servants, and/or agents had actual or constructive notice of, knew, should have known, or had reason to know that the Lighting Hazard was not safe, that it was dangerous, defective, and constituted a hazard, and that it was in need of attention.

88. At that time and place the Safety Hazard had existed for sufficient time that had Wavelengths Pro Audio, LLC used ordinary care to inspect the Premises for unsafe conditions it should have known of its existence well in advance of Plaintiff's fall on the Safety Hazard with more than enough time to correct the Safety Hazard or provide warning.

89. At that time and place the Lighting Hazard had existed for sufficient time that had Wavelengths Pro Audio, LLC used ordinary care to inspect the Premises for unsafe conditions it should have known of its existence well in advance of Plaintiff's fall due to the Lighting Hazard with more than enough time to correct the Lighting Hazard or provide warning.

90. At that time and place, Wavelengths Pro Audio, LLC, by and through its employees, knew or should have known of the presence of the Safety Hazard.

91. At that time and place, Wavelengths Pro Audio, LLC, by and through its employees, knew or should have known of the presence of the Lighting Hazard.

92. At that time and place, Wavelengths Pro Audio, LLC, by and through its employees, knew or should have known that the Safety Hazard required attention to return the entry and exit pathways to a condition of reasonable safety.

93.     At that time and place, Wavelengths Pro Audio, LLC, by and through its employees, knew or should have known that the Lighting Hazard required attention to return the entry and exit pathways to a condition of reasonable safety.

94.     At that time and place, Wavelengths Pro Audio, LLC, by and through its employees, knew or should have known that it needed to warn persons using the Premises of the presence of the Safety Hazard.

95.     At that time and place, Wavelengths Pro Audio, LLC, by and through its employees, knew or should have known that it needed to warn persons using the Premises of the presence of the Lighting Hazard.

96.     At all times relevant to this action, Wavelengths Pro Audio, LLC, had a duty to use ordinary care to maintain the Premises in a reasonably safe condition.

97.     At all times relevant to this action, Wavelengths Pro Audio, LLC, by and through its employees, had a duty to use ordinary care to inspect the Premises for conditions that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

98.     At all times relevant to this action, Wavelengths Pro Audio, LLC, by and through its employees, had a duty not to cause hazardous conditions on the Premises that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

99.     At all times relevant to this action, Wavelengths Pro Audio, LLC, by and through its employees, had a duty to perform audiovisual production services pursuant its subcontract in a reasonably safe manner that did not create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

100.    At all times relevant to this action, Wavelengths Pro Audio, LLC, by and through its employees, had a duty to perform lighting design and production services pursuant its

subcontract in a reasonably safe manner that did not create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

101.    At all times relevant to this action, Wavelengths Pro Audio, LLC, by and through its employees, had a duty to maintain, repair, and correct any hazardous and unsafe conditions on the Premises, including on the entry and exit pathways, so that persons using the Premises, including Plaintiff, could do so with reasonable safety.

102.    At all times relevant to this action, Wavelengths Pro Audio, LLC, by and through its employees, had a duty to use ordinary care to warn of hazardous and unsafe conditions on the Premises, including all manner of egress and ingress upon the Premises, so that persons using the Premises, including Plaintiff, could do so with reasonably safety.

103.    Wavelengths Pro Audio, LLC, by and through its employees, did not use ordinary care to maintain the Premises in a reasonably safe condition.

104.    Wavelengths Pro Audio, LLC, by and through its employees, did not reasonably inspect the Premises for conditions that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

105.    Wavelengths Pro Audio, LLC, by and through its employees, did not maintain, repair, and correct the Safety Hazard within a reasonable amount of time after the Safety Hazard developed on the Premises and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

106.    Wavelengths Pro Audio, LLC, by and through its employees, did not maintain, repair, and correct the Lighting Hazard within a reasonable amount of time after the Lighting

Hazard developed on the Premises and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

107. Wavelengths Pro Audio, LLC, by and through its employees, did not maintain, repair, and correct the Safety Hazard within a reasonable amount of time after causing and or creating the Safety Hazard, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

108. Wavelengths Pro Audio, LLC, by and through its employees, did not maintain, repair, and correct the Lighting Hazard within a reasonable amount of time after causing and or creating the Lighting Hazard, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

109. Wavelengths Pro Audio, LLC, by and through its employees, did not warn persons using the Premises, including Plaintiff, of the presence of the Safety Hazard and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

110. Wavelengths Pro Audio, LLC, by and through its employees, did not warn persons using the Premises, including Plaintiff, of the presence of the Lighting Hazard and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

111. As a direct and proximate result of Wavelengths Pro Audio, LLC's above described carelessness, negligence, and recklessness, Plaintiff was caused to fall and suffer serious and permanent injuries; has suffered and will suffer in the future great pain of body and mind; has incurred and will incur in the future medical expenses; has suffered and will suffer in the future loss of income as well as a loss of earning capacity; has suffered and will suffer in the future terrible inconvenience and physical limitations; and has suffered and will suffer in the future other

damages as allowed by law; and has had her ability to engage in her usual activities and to enjoy life adversely affected on account of the incident and the resulting injuries.

## COUNT IV-NEGLIGENCE- ENCORE GLOBAL, F/K/A PSAV

112.    Plaintiff hereby repeats, realleges, and incorporates by reference the preceding paragraphs as if they were set forth fully herein.

113.    At all times material hereto, Defendant Encore Global, f/k/a PSAV, by and through its agents, servants and/or employees, was present on the Premises performing audiovisual production services, including evaluating, designing, organizing, and maintaining all wiring for said audiovisual production services for all aspects of the "Women's Achieve Summit" program, pursuant to a contract for these services.

114.    At all times material hereto, Defendant Encore Global, f/k/a PSAV, by and through its agents, servants and/or employees, was present on the Premises performing lighting design and production services, including evaluating, designing, and providing all lighting for all aspects of the "Women's Achieve Summit" program, pursuant to a contract for these services.

115.    At that time and place, Defendant Encore Global, f/k/a PSAV, by and through its agents, servants and/or employees, caused and/or otherwise created the Safety Hazard by leaving an elevated plastic strip covering audiovisual equipment wiring in close proximity to the exit door of the Premises.

116.    At that time and place, Defendant Encore Global, f/k/a PSAV, by and through its agents, servants and/or employees, caused and/or otherwise created the Lighting Hazard by dimming the lights in the main ballroom to such a degree that the conditions violated industry standards for lighting, and by providing inadequate, inappropriate and/or unreasonable lighting and visibility to persons exiting or entering the ballroom in such a way that such persons could not

reasonably observe vertical charges and tripping hazards along an expected path of travel.

117.    The Safety Hazard was created by, known by or, in the exercise of reasonable care should have been known by Encore Global, f/k/a PSAV, and its employees, servants, and/or agents.

118.    The Lighting Hazard was created by, known by or, in the exercise of reasonable care should have been known by Encore Global, f/k/a PSAV, and its employees, servants, and/or agents.

119.    At that time and place, and at all times material hereto, Defendant Encore Global, f/k/a PSAV and its employees, servants, and/or agents had actual or constructive notice of, knew, should have known, or had reason to know that the Safety Hazard was not safe, that it was dangerous, defective, and constituted a hazard, and that it was in need of attention.

120.    At that time and place, and at all times material hereto, Defendant Encore Global, f/k/a PSAV and its employees, servants, and/or agents had actual or constructive notice of, knew, should have known, or had reason to know that the Lighting Hazard was not safe, that it was dangerous, defective, and constituted a hazard, and that it was in need of attention.

121.    At that time and place the Safety Hazard had existed for sufficient time that had Encore Global, f/k/a PSAV used ordinary care to inspect the Premises for unsafe conditions it should have known of its existence well in advance of Plaintiff's fall on the Safety Hazard with more than enough time to correct the Safety Hazard or provide warning.

122.    At that time and place the Lighting Hazard had existed for sufficient time that had Encore Global, f/k/a PSAV used ordinary care to inspect the Premises for unsafe conditions it should have known of its existence well in advance of Plaintiff's fall due to the Lighting Hazard with more than enough time to correct the Lighting Hazard or provide warning.

123.    At that time and place, Encore Global, f/k/a PSAV, by and through its employees, knew or should have known of the presence of the Safety Hazard.

124.    At that time and place, Encore Global, f/k/a PSAV, by and through its employees, knew or should have known of the presence of the Lighting Hazard.

125.    At that time and place, Encore Global, f/k/a PSAV, by and through its employees, knew or should have known that the Safety Hazard required attention to return the entry and exit pathways to a condition of reasonable safety.

126.    At that time and place, Encore Global, f/k/a PSAV, by and through its employees, knew or should have known that the Lighting Hazard required attention to return the entry and exit pathways to a condition of reasonable safety.

127.    At that time and place, Encore Global, f/k/a PSAV, by and through its employees, knew or should have known that it needed to warn persons using the Premises of the presence of the Safety Hazard.

128.    At that time and place, Encore Global, f/k/a PSAV, by and through its employees, knew or should have known that it needed to warn persons using the Premises of the presence of the Lighting Hazard.

129.    At all times relevant to this action, Encore Global, f/k/a PSAV, had a duty to use ordinary care to maintain the Premises in a reasonably safe condition.

130.    At all times relevant to this action, Encore Global, f/k/a PSAV, by and through its employees, had a duty to use ordinary care to inspect the Premises for conditions that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

131.    At all times relevant to this action, Encore Global, f/k/a PSAV, by and through its employees, had a duty not to cause hazardous conditions on the Premises that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

132. At all times relevant to this action, Encore Global, f/k/a PSAV, by and through its employees, had a duty to perform audiovisual production services pursuant its subcontract in a reasonably safe manner that did not create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

133. At all times relevant to this action, Encore Global, f/k/a PSAV, by and through its employees, had a duty to perform lighting design and production services pursuant its subcontract in a reasonably safe manner that did not create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

134. At all times relevant to this action, Encore Global, f/k/a PSAV, by and through its employees, had a duty to maintain, repair, and correct any hazardous and unsafe conditions on the Premises, including on the entry and exit pathways, so that persons using the Premises, including Plaintiff, could do so with reasonable safety.

135. At all times relevant to this action, Encore Global, f/k/a PSAV, by and through its employees, had a duty to use ordinary care to warn of hazardous and unsafe conditions on the Premises, including all manner of egress and ingress upon the Premises, so that persons using the Premises, including Plaintiff, could do so with reasonably safety.

136. Encore Global, f/k/a PSAV, by and through its employees, did not use ordinary care to maintain the Premises in a reasonably safe condition.

137. Encore Global, f/k/a PSAV, by and through its employees, did not reasonably inspect the Premises for conditions that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

138. Encore Global, f/k/a PSAV, by and through its employees, did not maintain, repair, and correct the Safety Hazard within a reasonable amount of time after the Safety Hazard developed on the Premises and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

139. Encore Global, f/k/a PSAV, by and through its employees, did not maintain, repair, and correct the Lighting Hazard within a reasonable amount of time after the Lighting Hazard developed on the Premises and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

140. Encore Global, f/k/a PSAV, by and through its employees, did not maintain, repair, and correct the Safety Hazard within a reasonable amount of time after causing and or creating the Safety Hazard, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

141. Encore Global, f/k/a PSAV, by and through its employees, did not maintain, repair, and correct the Lighting Hazard within a reasonable amount of time after causing and or creating the Lighting Hazard, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

142. Encore Global, f/k/a PSAV, by and through its employees, did not warn persons using the Premises, including Plaintiff, of the presence of the Safety Hazard and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

143. Encore Global, f/k/a PSAV, by and through its employees, did not warn persons using the Premises, including Plaintiff, of the presence of the Lighting Hazard and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

144.    As a direct and proximate result of Encore Global, f/k/a PSAV's above described carelessness, negligence, and recklessness, Plaintiff was caused to fall and suffer serious and permanent injuries; has suffered and will suffer in the future great pain of body and mind; has incurred and will incur in the future medical expenses; has suffered and will suffer in the future loss of income as well as a loss of earning capacity; has suffered and will suffer in the future terrible inconvenience and physical limitations; and has suffered and will suffer in the future other damages as allowed by law; and has had her ability to engage in her usual activities and to enjoy life adversely affected on account of the incident and the resulting injuries.

## COUNT V-NEGLIGENCE- ATRIUM STAFFING, LLC

145.    Plaintiff hereby repeats, realleges, and incorporates by reference the preceding paragraphs as if they were set forth fully herein.

146.    At all times material hereto, Defendant Atrium Staffing, LLC, by and through its agents, servants and/or employees, was present on the Premises performing audiovisual production services, including evaluating, designing, organizing, and maintaining all wiring for said audiovisual production services for all aspects of the "Women's Achieve Summit" program, pursuant to a contract for these services.

147.    At all times material hereto, Defendant Atrium Staffing, LLC, by and through its agents, servants and/or employees, was present on the Premises performing lighting design and production services, including evaluating, designing, and providing all lighting for all aspects of the "Women's Achieve Summit" program, pursuant to a contract for these services.

148.    At that time and place, Defendant Atrium Staffing, LLC, by and through its agents, servants and/or employees, caused and/or otherwise created the Safety Hazard by leaving an

elevated plastic strip covering audiovisual equipment wiring in close proximity to the exit door of the Premises.

149.     At that time and place, Defendant Atrium Staffing, LLC, by and through its agents, servants and/or employees, caused and/or otherwise created the Lighting Hazard by dimming the lights in the main ballroom to such a degree that the conditions violated industry standards for lighting, and by providing inadequate, inappropriate and/or unreasonable lighting and visibility to persons exiting or entering the ballroom in such a way that such persons could not reasonably observe vertical charges and tripping hazards along an expected path of travel.

150.     The Safety Hazard was created by, known by or, in the exercise of reasonable care should have been known by Atrium Staffing, LLC, and its employees, servants, and/or agents.

151.     The Lighting Hazard was created by, known by or, in the exercise of reasonable care should have been known by Atrium Staffing, LLC, and its employees, servants, and/or agents.

152.     At that time and place, and at all times material hereto, Defendant Atrium Staffing, LLC and its employees, servants, and/or agents had actual or constructive notice of, knew, should have known, or had reason to know that the Safety Hazard was not safe, that it was dangerous, defective, and constituted a hazard, and that it was in need of attention.

153.     At that time and place, and at all times material hereto, Defendant Atrium Staffing, LLC and its employees, servants, and/or agents had actual or constructive notice of, knew, should have known, or had reason to know that the Lighting Hazard was not safe, that it was dangerous, defective, and constituted a hazard, and that it was in need of attention.

154.     At that time and place the Safety Hazard had existed for sufficient time that had Atrium Staffing, LLC used ordinary care to inspect the Premises for unsafe conditions it should

have known of its existence well in advance of Plaintiff's fall on the Safety Hazard with more than enough time to correct the Safety Hazard or provide warning.

155.    At that time and place the Lighting Hazard had existed for sufficient time that Atrium Staffing, LLC used ordinary care to inspect the Premises for unsafe conditions it should have known of its existence well in advance of Plaintiff's fall due to the Lighting Hazard with more than enough time to correct the Lighting Hazard or provide warning.

156.    At that time and place, Atrium Staffing, LLC, by and through its employees, knew or should have known of the presence of the Safety Hazard.

157.    At that time and place, Encore Global, f/k/a PSAV, by and through its employees, knew or should have known of the presence of the Lighting Hazard.

158.    At that time and place, Atrium Staffing, LLC, by and through its employees, knew or should have known that the Safety Hazard required attention to return the entry and exit pathways to a condition of reasonable safety.

159.    At that time and place, Atrium Staffing, LLC, by and through its employees, knew or should have known that the Lighting Hazard required attention to return the entry and exit pathways to a condition of reasonable safety.

160.    At that time and place, Atrium Staffing, LLC, by and through its employees, knew or should have known that it needed to warn persons using the Premises of the presence of the Safety Hazard.

161.    At that time and place, Atrium Staffing, LLC, by and through its employees, knew or should have known that it needed to warn persons using the Premises of the presence of the Lighting Hazard.

162.     At all times relevant to this action, Atrium Staffing, LLC, had a duty to use ordinary care to maintain the Premises in a reasonably safe condition.

163.     At all times relevant to this action, Atrium Staffing, LLC, by and through its employees, had a duty to use ordinary care to inspect the Premises for conditions that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

164.     At all times relevant to this action, Atrium Staffing, LLC, by and through its employees, had a duty not to cause hazardous conditions on the Premises that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

165.     At all times relevant to this action, Atrium Staffing, LLC, by and through its employees, had a duty to perform audiovisual production services pursuant its subcontract in a reasonably safe manner that did not create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

166.     At all times relevant to this action, Atrium Staffing, LLC, by and through its employees, had a duty to perform lighting design and production services pursuant its subcontract in a reasonably safe manner that did not create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

167.     At all times relevant to this action, Atrium Staffing, LLC, by and through its employees, had a duty to maintain, repair, and correct any hazardous and unsafe conditions on the Premises, including on the entry and exit pathways, so that persons using the Premises, including Plaintiff, could do so with reasonable safety.

168.     At all times relevant to this action, Atrium Staffing, LLC, by and through its employees, had a duty to use ordinary care to warn of hazardous and unsafe conditions on the

Premises, including all manner of egress and ingress upon the Premises, so that persons using the Premises, including Plaintiff, could do so with reasonably safety.

169. Atrium Staffing, LLC, by and through its employees, did not use ordinary care to maintain the Premises in a reasonably safe condition.

170. Atrium Staffing, LLC, by and through its employees, did not reasonably inspect the Premises for conditions that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

171. Atrium Staffing, LLC, by and through its employees, did not maintain, repair, and correct the Safety Hazard within a reasonable amount of time after the Safety Hazard developed on the Premises and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

172. Atrium Staffing, LLC, by and through its employees, did not maintain, repair, and correct the Lighting Hazard within a reasonable amount of time after the Lighting Hazard developed on the Premises and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

173. Atrium Staffing, LLC, by and through its employees, did not maintain, repair, and correct the Safety Hazard within a reasonable amount of time after causing and or creating the Safety Hazard, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

174. Atrium Staffing, LLC, by and through its employees, did not maintain, repair, and correct the Lighting Hazard within a reasonable amount of time after causing and or creating the

Lighting Hazard, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

175.    Atrium Staffing, LLC, by and through its employees, did not warn persons using the Premises, including Plaintiff, of the presence of the Safety Hazard and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

176.    Atrium Staffing, LLC, by and through its employees, did not warn persons using the Premises, including Plaintiff, of the presence of the Lighting Hazard and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

177.    As a direct and proximate result of Atrium Staffing, LLC's above described carelessness, negligence, and recklessness, Plaintiff was caused to fall and suffer serious and permanent injuries; has suffered and will suffer in the future great pain of body and mind; has incurred and will incur in the future medical expenses; has suffered and will suffer in the future loss of income as well as a loss of earning capacity; has suffered and will suffer in the future terrible inconvenience and physical limitations; and has suffered and will suffer in the future other damages as allowed by law; and has had her ability to engage in her usual activities and to enjoy life adversely affected on account of the incident and the resulting injuries.

## COUNT VI – NELIGENCE- JACK MORTON AND IPG

178.    Plaintiff hereby repeats, realleges, and incorporates by reference the preceding paragraphs as if they were set forth fully herein.

179.    Defendants Jack Morton and IPG had the right and duty to control and manage the "Women's Achieve Summit" held at the Premises, which included hiring, retention, training, and supervision of employees and subcontractors, and maintaining the Premises in a reasonably safe condition.

180.    At all times relevant to this action, upon information and belief, Defendants Creative Event Productions, Inc. d/b/a Stage Right Lighting, Testa Lighting Design, Inc., Wavelengths Pro Audio, LLC, Encore Global, f/k/a/ PSAV, and Atrium Staffing, LLC were subcontractors, agents, servants and/or employees of Jack Morton, acting within the course and scope of their agency and/or employment with Jack Morton.

181.    Defendant Jack Morton is vicariously liable for the negligence of its agents, servants, or employees, Defendants Creative Event Productions, Inc. d/b/a Stage Right Lighting, Testa Lighting Design, Inc., Wavelengths Pro Audio, LLC, Encore Global, f/k/a/ PSAV, and Atrium Staffing, LLC, under the doctrine of *respondeat superior.*

182.    At all times relevant to this action, upon information and belief, Defendants Creative Event Productions, Inc. d/b/a Stage Right Lighting, Testa Lighting Design, Inc., Wavelengths Pro Audio, LLC, Encore Global, f/k/a/ PSAV, and Atrium Staffing, LLC were subcontractors, agents, servants and/or employees of IPG, acting within the course and scope of their agency and/or employment with IPG.

183.    Defendant IPG is vicariously liable for the negligence of its agents, servants, or employees, Defendants Creative Event Productions, Inc. d/b/a Stage Right Lighting, Testa Lighting Design, Inc., Wavelengths Pro Audio, LLC, Encore Global, f/k/a/ PSAV, and Atrium Staffing, LLC, under the doctrine of *respondeat superior.*

184.    The existence of the Safety Hazard and the Lighting Hazard were known or, in the exercise of reasonable care should have been known, by Defendants IPG and Jack Morton.

185.    Defendants IPG and Jack Morton and their employees, subcontractors, servants, and/or agents had a duty to use ordinary care to maintain the Premises in a reasonably safe condition.

186.     At all times relevant to this action, Defendants IPG and Jack Morton and their employees, subcontractors, servants, and/or agents, had a duty to use ordinary care to inspect the Premises for conditions that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

187.     At all times relevant to this action, Defendants IPG and Jack Morton and their employees, subcontractors, servants, and/or agents, had a duty not to cause hazardous conditions on the Premises that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

188.     At all times relevant to this action, Defendants IPG and Jack Morton and their employees, subcontractors, servants, and/or agents, had a duty to perform audiovisual production services and lighting design and production services pursuant to their contract in a reasonably safe manner that did not create an unreasonable risk of danger to persons using the Premises, including Plaintiff.

189.     At all times relevant to this action, Defendants IPG and Jack Morton and their employees, subcontractors, servants, and/or agents, had a duty to maintain, repair, and correct any hazardous and unsafe conditions on the Premises, including the entry and exit pathways, so that persons using the Premises, including Plaintiff, could do so with reasonable safety.

190.     At all times relevant to this action, Defendants IPG and Jack Morton and their employees, subcontractors, servants, and/or agents, had a duty to use ordinary care to warn of hazardous and unsafe conditions on the Premises, including all manner of egress and ingress upon the Premises, so that persons using the Premises, including Plaintiff, could do so with reasonably safety.

191.    Defendants IPG and Jack Morton and their employees, subcontractors, servants, and/or agents, did not use ordinary care to maintain the Premises in a reasonably safe condition.

192.    Defendants IPG and Jack Morton and their employees, subcontractors, servants, and/or agents, did not reasonably inspect the Premises for conditions that would create an unreasonable risk of danger to persons using the Premises, including Plaintiff, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

193.    Defendants IPG and Jack Morton and their employees, subcontractors, servants, and/or agents, did not maintain, repair, and correct the Safety Hazard and the Lighting Hazard within a reasonable amount of time after the Safety Hazard and the Lighting Hazard developed on the Premises and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

194.    Defendants IPG and Jack Morton and their employees, subcontractors, servants, and/or agents, did not maintain, repair, and correct the Safety Hazard and the Lighting Hazard within a reasonable amount of time after causing and or creating the Safety Hazard and the Lighting Hazard, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

195.    Defendants IPG and Jack Morton and their employees, subcontractors, servants, and/or agents, did not warn persons using the Premises, including Plaintiff, of the presence of the Safety Hazard and the Lighting Hazard and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

196.    The dangerous and unsafe conditions were created by, known by or, in the exercise of reasonable care should have been known by Defendants IPG and Jack Morton and their employees, subcontractors, servants, and/or agents.

197. As a direct and proximate result of the above-described negligence and breaches of duties by Defendants IPG and Jack Morton and their employees, subcontractors, servants and/or agents, Plaintiff was caused to fall and suffer serious and permanent injuries; has suffered and will suffer in the future great pain of body and mind; has incurred and will incur in the future medical expenses; has suffered and will suffer in the future loss of income as well as a loss of earning capacity; has suffered and will suffer in the future terrible inconvenience and physical limitations; and has suffered and will suffer in the future other damages as allowed by law; and has had her ability to engage in her usual activities and to enjoy life adversely affected on account of the incident and the resulting injuries.

## COUNT VII- NEGLIGENCE- SPECTRA

198. Plaintiff hereby repeats, realleges, and incorporates by reference the preceding paragraphs as if they were set forth fully herein.

199. At all times material hereto, defendant Spectra was responsible for the operation, control, management, inspection, repair, maintenance, and upkeep of the Premises.

200. On or about October 15, 2019, and at all times material hereto, it was the duty of Spectra and its employees, servants, and/or agents to exercise reasonable care to inspect and to maintain the Premises in a reasonably safe condition, to refrain from creating and/or maintaining dangerous and unsafe conditions, to correct unsafe conditions thereon, and to warn of such, so that persons using the Premises, including Plaintiff, might do so with reasonable safety.

201. On or about October 15, 2019, and at all times material hereto, Spectra and its employees, servants, and/or agents had actual and constructive notice of, and also knew, should have known, or had reason to know of the Safety Hazard and the Lighting Hazard and their dangerous conditions.

202. On or about October 15, 2019, and at all times material hereto, Spectra and its employees, servants, agents and/or employees had actual and constructive notice of, and also knew, should have known, or had reason to know, that the Safety Hazard and the Lighting Hazard were in need of maintenance and repair.

203. The dangerous and unsafe condition was created by, known by or, in the exercise of reasonable care should have been known by Spectra and its employees, servants, and/or agents.

204. Spectra and its employees, servants and/or agents negligently failed to exercise ordinary care to maintain the Safety Hazard and the Lighting Hazard in a reasonably safe and fit condition.

205. Spectra and its employees, servants and/or agents negligently failed to exercise ordinary care to make reasonable and necessary repairs to the Safety Hazard and the Lighting Hazard.

206. Spectra and its employees, servants, and/or agents negligently failed to make reasonable inspections of the Safety Hazard and the Lighting Hazard.

207. Spectra and its employees, servants, and/or agents negligently failed to warn Plaintiff of the unsafe, defective, and dangerous condition of the Safety Hazard and the Lighting Hazard.

208. Spectra is vicariously liable through the doctrine of *respondeat superior* for any negligence of their employees, servants, and/or agents.

209. As a direct and proximate result of the aforesaid negligent actions and/or negligent omissions by Spectra and its agents, servants, and/or employees, Plaintiff was caused to fall and suffer serious and permanent injuries; has suffered and will suffer in the future great pain of body and mind; has incurred and will incur in the future medical expenses; has suffered and will suffer in the future loss of income as well as a loss of earning capacity; has suffered and will suffer in the

future terrible inconvenience and physical limitations; and has suffered and will suffer in the future other damages as allowed by law; and has had her ability to engage in her usual activities and to enjoy life adversely affected on account of the incident and the resulting injuries.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, in the sum of NINE HUNDRED AND FIFTY THOUSAND DOLLARS ($950,000.00), plus pre-judgment and post-judgment interest and costs.

Trial by jury is demanded.

PATRICIA JACKSON

BY: /s/ R. Christopher Jones
    Of Counsel

Christopher Jones (VSB No.: 48433)
ALLEN, ALLEN, ALLEN & ALLEN
106 South Market Street
Petersburg, VA 23803
Telephone:  (804) 257-7536
Facsimile:  (804) 257-7536
christopher.jones@allenandallen.com
*Attorney for Plaintiff*

## <u>CERTIFICATE</u>

I hereby certify that on this 27th day of October, 2021, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the

following:

James R. Jebo (VSB No.: 48418)
Laura M. Berry (VSB No.: 95697)
Harmon, Claytor, Corrigan, & Wellman
P.O. Box 70280
Richmond, VA 23255
Phone: 804-747-5200
Fax: 804-747-6085
jjebo@hccw.com
lbery@hccw.com

         /s/ R. Christopher Jones